UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| TYRONE HUMPHREY and | ) | |
| BRANDI HUMPHREY, | ) | |
| | ) | |
| Plaintiffs | ) | No. 3:14-1187 |
| | ) | Judge Nixon/Brown |
| v. | ) | Jury Demand |
| | ) | |
| DAVID JUSTO and BROWN | ) | |
| COLUMBUS FREIGHT, LLC, | ) | |
| | ) | |
| Defendants | ) | |

## CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted.

**I.     JURISDICTION AND VENUE**

This is an action for common law negligence and negligence *per se* arising under T.C.A. §§ 55-8-103, 55-8-136 and 55-10-205. The parties agree that this Court has subject matter jurisdiction over this action based on the parties' diversity and that venue is proper pursuant to 28 U.S.C. §§ 1332 and 1446.

**II.     PLAINTIFF'S THEORY OF THE CASE**

Tyrone Humphrey was a passenger in an automobile driven by his wife Brandi Humphrey ("Mrs. Humphrey"), and both sustained physical and emotional injuries when the 18-wheeler truck driven by Defendant Justo collided with Mrs. Humphrey's automobile. The incident occurred on August 8, 2013 in Nashville, Tennessee.

Defendant Justo was cited at the scene for driving on a suspended driver's license and for lack of due care in connection with his failed attempt to negotiate the curve causing him to side-swipe Plaintiffs' vehicle and force it off the road. Specifically, the police report issued at that

1

time states, in relevant part, that Defendant Justo's "was going too fast for the curve and weather conditions [it was raining], [Defendant Justo's vehicle] left his lane of travel, went through the gore and struck [Plaintiffs' vehicle]. [Plaintiffs' vehicle] was forced into a guardrail."

Plaintiffs' damages are the result of Defendant Justo's violation of common law negligence and negligence *per se* arising under T.C.A. §§ 55-8-103, 55-8-136 and 55-10-205.

## III. DEFENDANTS' THEORY OF THE CASE

### A. Defendant David Justo

Defendant David Justo denies Plaintiffs' allegations of fault as stated in his complaint. Defendant denies Plaintiffs sustained injuries and damages to the extent alleged in the Complaint.

### B. Defendant Brown Columbus Freight, LLC

This Defendant has not yet been officially served. However, the present parties anticipate that Brown Columbus Freight, LLC will deny liabilities and responsibility for the actions of the Defendant Justo.

## IV. STATUS OF THE ISSUES PRESENTED

### A. Resolved

1. Jurisdiction and venue.

### B. Disputed

1. Liability of Defendant Justo and Defendant Brown Columbus Freight, LLC.

2. Whether Plaintiffs can establish physical damages;

3. Whether Plaintiffs can establish emotional damages; and,

4. Whether Plaintiffs can establish damage to his vehicle.

## V. NEED FOR OTHER CLAIMS OR SPECIAL ISSUES UNDER F.R.C.P. 13-15, 17-21 AND 23.

### A. Plaintiffs

The initial case management conference scheduled in connection with the companion case filed by Plaintiff's wife, Brandi Humphrey, was held before United States Magistrate Judge Juliet Griffin on June 30, 2014. There it was acknowledged by Defendant's counsel, James T. Feeney, Esq., that Defendant Justo was an agent of Columbus Freight LLC of 1703 Challock Way, High Point, North Carolina 27260, and acting on said principal's business and within the scope of his employment with said principal at the time the subject injury-causing incident. Attorney Feeney stated further that he was not in a position to accept service of process for Columbus Freight LLC; thus, Plaintiff has initiated service of process of the complaint and summons on that entity.

Counsel for the parties in this and the *Brandi Humphrey v. David Justo* case as aforecited further agreed with Judge Griffin that (a) per the latter's consultation with Magistrate Judge Joe Brown, this instant case would be reassigned to that judge; (b) the Plaintiff Brandi Humphrey, by and through her counsel as undersigned, would file a motion to consolidate her case into this case numbered 3-14-1187, indicating that the defendant has no opposition to the consolidation; and, (c) assuming the cases were consolidated, Plaintiff Brandi Humphrey, would, as promptly as possible file an amended consolidated complaint, naming Columbus Freight LLC as an additional defendant.

In fact, a consolidated complaint titled "Second Amended Complaint" naming both Tyrone Humphrey and Brandi Humphrey as plaintiffs, and David Justo and Columbus Freight LLC as defendants has been filed in this Civil Case No. 3-14-1187. Further, service of process has been initiated on Columbus Freight LLC through its registered agent.

### VI. <u>WITNESSES</u>

#### A. Plaintiffs

Subject to supplementation as this case proceeds, Plaintiffs anticipate calling the following individuals as witnesses in this case:

1. Plaintiff Tyrone Humphrey;

2. Brandi Humphrey (driver of the vehicle in which Plaintiff Tyrone Humphrey was injured); and,

3. Defendant David Justo.

**B.    Defendants**

None. The list will be supplemented in a timely manner.

**VII.    INITIAL DISCLOSURES AND STAGING OF DISCOVERY**

**A.    Initial Disclosures**

The parties agree to exchange Rule 26 initial disclosures no later than **July 30, 2014**; said initial disclosures may be supplemented as necessary.

**B.    Discovery**

All discovery shall be completed by the close of business on **March 31, 2015**. No motions related to discovery disputes shall be filed prior to the parties making a good faith effort to resolve the discovery issue(s). Prior to filing any discovery-related motion, the parties shall schedule and conduct a telephone conference with Magistrate Judge Brown. The parties agree that the counsel requesting the conference shall consult with opposing counsel as to his/her availability prior to setting a time certain with the Court.

There shall be no stay of discovery pending disposition of any motions.

By close of business day on **September 15, 2014**, Plaintiffs shall declare to all Defendants named in this action (not file with the Court), the identity of their expert witnesses and provide all information as specified in Rule 26(a)(2)(B).

By close of business day on **November 30, 2014**, Defendants Justo and Columbus Freight LLC, shall declare to Plaintiffs, the identity of their expert witnesses and provide all information as specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on or before **December 31, 2014**. Depositions of experts will be completed by **February 27, 2015**.

Local Rule 39.01(c)(6)(c) (effective April 19, 2012) relating to expert witnesses shall apply in this action, and strict compliance is required.

The parties are discussing how to conduct electronic discovery.

## VIII. DISPOSITIVE MOTIONS

All dispositive motions shall be filed by the close of business on **April 30, 2015**. Responses to dispositive motions shall be filed within **21 days** after service. Briefs shall not exceed **25 pages** without leave of Court. Optional replies, limited to **five pages**, shall be filed within **14 days** after service of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

## IX. OTHER DEADLINES

### A. Motions to Amend or Join Parties

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

## X. ALTERNATIVE DISPUTE RESOLUTION

Pursuant to Local Rule 16.02(d), the parties agree and request referral to a settlement conference or arbitration. The settlement conference or arbitration shall be completed by **March 30, 2015**. The parties shall inform the Court of the date of settlement conference or arbitration

when scheduled. Counsel and parties will submit evaluations to the Court within **14 days** of the conclusion of the settlement conference or arbitration.

## XI. SUBSEQUENT CASE MANAGEMENT CONFERENCES

A telephone conference with Magistrate Judge Brown to discuss case progress and alternative dispute resolution is set for **December 15, 2014, at 10:30 a.m. To participate in the conference call, parties will call 615-695-2851 at the scheduled time.** A joint statement of any unresolved issues must be submitted at least **one full business day** prior to the conference call.

## XII. CONSENT TO TRIAL BEFORE THE MAGISTRATE JUDGE

The parties are considering consent to trial before a Magistrate Judge. To complete this action, the parties will need to file a consent form signed by all parties and the form must be approved by the District Judge.

## XIII. TARGET TRIAL DATE AND ANTICIPATED LENGTH OF TRIAL

Subject to the submission of the consent form and approval by the District Judge, a trial before the undersigned is set for **September 15, 2015**, with a final pretrial conference to be conducted on **August 24, 2015, at 10:00 a.m., Courtroom 783**. The parties estimate that this jury trial will last approximately three days. A separate order will be issued later setting out the requirements for the trial and final pretrial conference. In the event a consent form is not completed, the Magistrate Judge will request a trial date from Judge Nixon.

**It is so ORDERED.**

    /s/   Joe B. Brown
Joe B. Brown
United States Magistrate Judge